Filed 11/18/24  P. v. Green CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JORDAN IAN GREEN,<br><br>Defendant and Appellant. | C094752<br><br>(Super. Ct. Nos. CRF202660, CRF202486)<br><br>[OPINION ON TRANSFER] |

Defendant Jordan Ian Green entered a plea agreement to resolve two felony cases, pleading guilty to unlawful taking of a vehicle and second degree robbery.  At sentencing, the trial court imposed the upper term on the robbery conviction, relying on the factual basis of defendant's plea, as well as his prior felony convictions.  Defendant appeals, arguing the trial court's imposition of the upper term sentence is no longer valid in light of the changes made to Penal Code[1] section 1170 by Senate Bill No. 567 (2021-

---

[1]  Further undesignated statutory references are to the Penal Code.

1

2022 Reg. Sess.) (Senate Bill 567). Based on our Supreme Court's opinion in *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*), we agree and remand for resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal involves two cases, and the probation department filed a pretrial release report for each case. The report for the first case (CRF202486) stated that on November 16, 2020, defendant was arrested while driving a stolen car and was found with, inter alia, shaved keys, a glass pipe, and a bat with metal spikes. Defendant was charged with unlawful taking of a vehicle, receiving a stolen vehicle, unlawful possession of a billy, and misdemeanor possession of drug paraphernalia.

The report for the second case (CRF202660) stated that on December 3, 2020, defendant met his ex-girlfriend in a parking lot; pulled her out of her car by her hair; dragged her 30 feet; punched her in the head; kicked her in the back and side so hard it caused her to urinate; and then defendant took her purse and vandalized her car. Defendant was charged with second degree robbery, inflicting corporal injury on a partner resulting in a traumatic condition, and misdemeanor vandalism.

Both reports stated defendant had three prior felonies—two in 2019—along with four prior misdemeanors. These convictions were also reflected in the probation department's presentence reports.

On January 13, 2021, defendant pled no contest to unlawful taking of a vehicle in the first case and second degree robbery in the second case. Defendant stipulated to the "pretrial release reports that were prepared by the [p]robation [d]epartment" as the factual basis for the pleas. The trial court continued sentencing so defendant could attend a treatment program; the prosecutor would seek probation if defendant completed the program. Defendant was released from custody on February 3, but failed to appear for the review hearing on February 8, and failed to complete the treatment program.

Sentencing was held on August 9, 2021. The trial court stated it "look[ed] at [defendant's] previous criminal history" and determined "he basically has three prior

felony convictions before we get to these cases," so "[t]hese are felonies number four and number five on his record," as well as "two violations of probation." Thus, the court did not "see [defendant] as being a low-term candidate."

The court then "look[ed] at the overall offense here. As far as a [section] 211 goes, this is a rather serious offense." "He viciously beat[] this woman." The court then described the specific facts of the crime, including that defendant used "a horrific amount of force" to kick the victim. Thus, the court stated, "Given the overall gravity of this offense, with the previous history of [d]efendant, I believe that a significant sanction is in order on this case. Again, these are felonies number four and five. [¶] Five years is recommended. And I believe that, given the overall picture of criminal history, the convictions as an adult are numerous and of increasing seriousness, he was on two grants of probation at the time, and it shows a great deal of callousness, the crime that he did commit, and viciousness." The trial court then sentenced defendant to the upper term of five years for robbery and eight months (one-third midterm) for unlawful taking of a vehicle, for a total term of five years eight months.

Defendant appeals.

## DISCUSSION

### I

### *Senate Bill 567*

The parties agree Senate Bill 567 applies retroactively to defendant because defendant's judgment was not final on January 1, 2022, when Senate Bill 567 became effective. (See § 1170, subd. (b), as amended by Stats. 2021, ch. 731, § 1.3.) Defendant contends the matter must be remanded for resentencing because the aggravating circumstances relied on by the trial court when imposing the upper term were not stipulated to by defendant, found true by a jury beyond a reasonable doubt, or contained in a certified record of conviction. We agree Senate Bill 567 applies retroactively and conclude remand is necessary.

3

A

*Senate Bill 567 Applies Retroactively*

Senate Bill 567 amended section 1170, subdivision (b) to provide that the trial court may impose the upper term only if the facts underlying the aggravating circumstances "have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2), as amended by Stats. 2021, ch. 731, § 1.3.) Under amended section 1170, subdivision (b)(3), a trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." This change aims to protect a defendant's right to a jury trial by ensuring the trial court does not impose an upper term "without granting defendants the opportunity to have a jury review and determine the truthfulness of alleged aggravating facts." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill 567 (2021-2022 Reg. Sess.) as amended Sept. 3, 2021, p. 4.)

According to the principle established in *In re Estrada* (1965) 63 Cal.2d 740, an ameliorative change in law applies retroactively to nonfinal judgments in the absence of an express statement to the contrary by the Legislature. (*People v. Francis* (1969) 71 Cal.2d 66, 75-76.) A judgment becomes final when it has reached final disposition in the highest court authorized to review it. (*People v. Rossi* (1976) 18 Cal.3d 295, 304.) Here, defendant's judgment is not yet final, nor did the Legislature expressly prohibit the retroactive application of the bill. Thus, Senate Bill 567 applies retroactively to defendant's case. (*Lynch*, *supra*, 16 Cal.5th at pp. 749, 754 [accepting the People's concession amendments to § 1170 are retroactive "to cases still pending on appeal at the time of its enactment"].)

4

B

*Remand Is Necessary*

The People originally contended remand is unnecessary because the trial court relied on defendant's prior criminal history and facts defendant pled to in order to impose the upper term, and that any error in failing to apply Senate Bill 567 was harmless because upon remand, the aggravating factors will clearly be found true beyond a reasonable doubt. We originally agreed and affirmed the trial court's sentence. Our Supreme Court subsequently granted review and transferred the case back with directions to vacate our decision and reconsider the cause in light of *Lynch*, *supra*, 16 Cal.5th 730. (Cal. Rules of Court, rule 8.528(d).) The parties now agree the matter must be remanded. We agree with the parties.

Section 1170, subdivision (b)(1) through (3), as amended by Senate Bill 567, provides the court may impose the upper term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term."[2] As amended, section 1170, subdivision (b) "alter[ed] the trial court's sentencing discretion" and "creat[ed] a presumption against the upper term, which may be overcome only if the required facts are properly proven and the [trial] court concludes

---

[2]     Section 1170, subdivision (b)(1) through (3) provides: "(b)(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. . . . [¶] (3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions."

the term is justified." (*Lynch*, *supra*, 16 Cal.5th at p. 773.) Unless a defendant stipulates to the facts or waives his or her jury trial right, "that [aggravating] factfinding role now resides solely with the jury." (*Id*. at p. 760.)

Under section 1170, subdivision (b), "a Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established." (*Lynch*, *supra*, 16 Cal.5th at p. 768.) Our Supreme Court held in *Lynch* that such a violation "is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements. If the reviewing court cannot so determine, applying the *Chapman*[3] standard of review, the defendant is entitled to a remand for resentencing." (*Lynch*, at p. 768.) Accordingly, defendant is entitled to reversal and remand "unless . . . we can conclude that the omission of a jury trial was harmless beyond a reasonable doubt as to *every* aggravating fact the trial court used to justify an upper term sentence." (*Id*. at p. 775.)

Here, the trial court imposed a sentence exceeding the middle term based on several circumstances including the manner in which defendant committed the offense. The court assessed the specific facts and described the offense as "serious," "vicious[]," and involving "a horrific amount of force," thus implicating factors under California Rules of Court, rule 4.421(a)(1). But defendant did not stipulate to these underlying facts nor did a jury find these facts true beyond a reasonable doubt. We also cannot conclude " 'that the omitted [facts] [were] uncontested and supported by overwhelming evidence.' " (*Lynch*, *supra*, 16 Cal.5th at p. 775.) Given the subjective nature of this

---

**3**    *Chapman v. California* (1967) 386 U.S. 18.

specific aggravating circumstance, we cannot say beyond a reasonable doubt a jury would have found all aggravating circumstances true. (*Ibid.* [finding it difficult for a reviewing court to " ' "conclude with confidence" ' " a jury would have found true an aggravating circumstance relying on a " ' "vague or subjective standard" ' "].) Accordingly, the trial court's reliance on that aggravating circumstance to impose an upper term sentence is not harmless beyond a reasonable doubt and remand is necessary. (*Id.* at p. 768.)

## DISPOSITION

The judgment is reversed. The matter is remanded for further litigation of the aggravating circumstances and for the trial court to exercise its discretion under current section 1170, subdivision (b).


/s/
ROBIE, J.



We concur:


/s/
HULL, Acting P. J.


/s/
BOULWARE EURIE, J.



7